IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOEY LYNN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06-CV-385-WKW |
| ) | |
| JAY JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, JOEY LYNN SMITH ["Smith"], has filed a civil action pursuant to 42 U.S.C. § 1983, contesting his continued confinement in the Lee County Jail, and requesting (1) a transfer to a state prison facility "to complete SAP [Substance Abuse Program]", and (2) repair of the jail's sprinklers.

The plaintiff has not stated a cause of action against the defendants; thus, the claims presented in this case lack an arguable basis and are therefore due to be dismissed before service upon application of 28 U.S.C. §1915(e)(2)(B)(ii). ***Neitzke v. Williams***, 490 U.S. 319 (1989).

**I.   DISCUSSION**

*A.   Transfer to State Prison Facility*

Smith alleges that he was sentenced over 30 days ago, and that his continued confinement in the Lee County Jail compromises or prevents his enrollment in a substance abuse program which was ordered by the sentencing judge. Essentially, he asks this court to order his transfer to a state prison facility for the aforementioned reason.

Under well-settled law, a convicted prisoner has no constitutionally protected right to confinement in a particular prison nor is any such right created by state law. See ***Meachum v. Fano***, 427 U.S. 215, 224 (1976);*see also **Montanye v. Haymes***, 427 U.S. 236 (1976); ***Francis v. Fox***, 838 F.2d 1147 (11th Cir. 1988). In determining whether the plaintiff has a state created liberty interest, this court should make inquiry "into laws, regulations and practices of the State of Alabama . . . " ***Whitehorn v. Harrelson***, 758 F.2d 1416, 1425 (11th Cir. 1985).

State regulations create a cognizable liberty interest when they "repeated[ly] use . . . explicitly mandatory language in connection with requiring specific substantive predicates." ***Hewitt v. Helms,*** 459 U.S. 460, 472 (1983). Upon review of the applicable state regulations, the court discerns that these regulations do not create a liberty interest in confinement at a particular institution within the states prison system. Thus, it is clear that the defendant has not deprived the plaintiff of any right, privilege or immunity secured by the Constitution or laws of the United States nor has he infringed on any interest created by state law.

"The decision where to house inmates is at the core of prison administrators' expertise." ***McKune v. Lile***, 536 U.S. 24, 28 (2002), citing ***Meachum v. Fano***, 427 U.S. 215, 225 (1976). In the absence of a constitutional deprivation inherent in Smith's current confinement, this court will not interfere.

B.   *The Sprinklers*

Smith alleges that the "cell fire sprinklers are broken, and painted over". As his basis for that contention, he does not allege that, in response to a previous fire or other stimulus, the sprinklers failed to operate properly. Nor does he contend that he   - or anyone else -

has been injured or damaged as a result of the alleged disrepair.

A plaintiff must assert legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction. ***Schlesinger v. Reservists Committee to Stop the War***, 418 U.S. 208, 218-19 (1974). Standing involves two aspects. The first is the minimum "case or controversy" requirement of Article III. That requirement mandates that the plaintiff himself or herself suffer actual or threatened injury, resulting from the action challenged, that is likely to be redressable in a judicial action. ***Warth v. Seldin***, 422 U.S. 490, 499 (1975).

> Indeed, the Supreme Court has held that
>
>> Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute. *See, e. g., Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 212 (1972) (WHITE, J., concurring); *Hardin v. Kentucky Utilities Co.*, 390 U.S. 1, 6 (1968)." *Linda R. S. v. Richard D.*, 410 U.S. 614, 617 n. 3 (1973). But such statutes do not purport to bestow the right to sue in the absence of any indication that invasion of the statutory right has occurred or is likely to occur. Title 42 U. S. C. § 1983, in particular, provides for liability to the "party injured" in an action at law, suit in equity, or other proper proceeding for redress. Perforce, the constitutional requirement of an actual case or controversy remains.

***O'Shea v. Littleton***, 414 U.S. 488, 495 (U.S. 1974).

In the instant case, there are several reasons why Smith's complaint about the sprinklers arguably does not create a case or controversy.

1. First, Smith complains - at most - about "cell fire sprinklers" in his cell. He did not identify any other sprinklers that were allegedly "broken", nor did he contend that the sprinkler system was in disrepair. His allegation that the sprinklers in his cell are broken does not arise from their failure to operate during a fire. Rather, he relies upon his physical observation alone to conclude

3

> that they "will not activate if need[ed] in [the] event of a fire".

2. Second, at the very least, in order for Smith to be injured because of an impaired sprinkler, (a) there would have to be a fire in the jail or in his cell, (b) he would have to be in his cell, and (c) the operation of the sprinkler would have to be the sole or chief means of detection of the fire by jail officials.

3. Third, by his own admission, Smith's transfer to a state prison facility is probably imminent, leaving behind the sprinklers, impaired or not.

"[T]he question becomes whether any perceived threat to [Smith] is sufficiently real and immediate to show an existing controversy simply because [he] anticipate[s that jail officials are] violating" the law or committing constitutional infractions. ***O'Shea v. Littleton***, 414 U.S. 488, 496-498 (U.S. 1974). However, contemplating, as Smith would have the court do, that there will be a fire, that Smith will be housed at the jail at the time, that he will be in harm's way, and that the operation of the sprinklers will somehow be the guarantor of his safety and well-being "takes us into the area of speculation and conjecture." ***Id.***

The alleged singular impairment described by Smith is far to general and the eventuality leading to injury far too speculative to rise to the level of a constitutional violation. As the Court found in ***Golden v. Zwickler***, 394 U.S. 103, 109-110 (1969), there must be "sufficient immediacy and reality" to Smith's allegations of future injury to invoke the court's jurisdiction.

> Abstract injury is not enough. It must be alleged that the plaintiff "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged statute or official conduct. Massachusetts v. Mellon, 262 U.S. 447, 488 (1923). The injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical." *Golden v. Zwickler*, 394 U.S. 103, 109-110 (1969); *Maryland Casualty Co.*

> v. *Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *United Public Workers v. Mitchell*, 330 U.S. 75, 89-91 (1947).

**O'Shea v. Littleton**, at 494.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this cause be dismissed as frivolous within the meaning of 28 U.S.C. §1915(e)(2)(B)(ii).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **15 May 2006.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1982).  *See* **Stein v. Reynolds Securities, Inc.**, 667 F.2d 33 (11th Cir. 1982).  *See also* **Bonner v. City of Prichard**, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 2nd day of May, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

5